Deaderick, J.,
delivered the opinion of the Court.
The only question presented in this record which it is necessary now to determine, is whether the Circuit Judge erred in dismissing this cause for the reasons assigned in the judgment of dismissal.
Suit was brought in the Circuit Court of Dyer county upon an award in favor of the plaintiff as agent of his wife.
Numerous pleas were filed to the declaration, and amended declaration, upon which issues were taken.
The cause was submitted to a jury, and evidence heard. Upon the second day of the trial, and during its progress, the cause was dismissed by the Court, as appears from the following entry: “Came the par *85 ties by attorneys, and came also tbe jury respited on yesterday, and, it appearing to tbe Court tbat tbis cause is of equitable jurisdiction, tbe same is thereupon by tbe Court withdrawn from tbe jury, and tbe plaintiff granted leave to make proper persons plaintiff to said .cause, whereupon tbe plaintiff declined to make additional parties. It is therefore considered by tbe Court tbat plaintiff’s suit be dismissed, and tbat defendant go hence and recover costs,” etc.
From tbis judgment plaintiff’ appealed in error to tbis Court.
Tbis action of tbe Court, it is insisted by defendant’s counsel, is warranted by s. 4236 of tbe Code.
Tbat section provides tbat “any suit of an equitable nature brought in tbe Circuit Court where objection has not been taken by demurrer to tbe jurisdiction may be transferred to tbe Chancery Court of tbe county or” district, or heard and determined by the Circuit Court upon the principles of a Court of Equity, with power to order and take all proper accounts, and otherwise to perform tbe functions of a Chancery Court.”
Undoubtedly, under tbis section, tbe Circuit Court might have retained jurisdiction of the cause, no demurrer to tbe jurisdiction having been interposed, and so have molded its orders and decrees as to have administered appropriate relief. And, inasmuch as tbe trial bad begun, it would not have been idiproper to have taken tbe verdict of tbe jury upon tbe controverted questions of facts submitted to them by tbe issues made up by tbe pleadings.
*86 But it is manifest that tbe verdict of the jury and judgment of the Court, according to the forms and rules of a trial at law, could not have reached and disposed of all the questions arising upon the award.
The cause is, therefore, one in which the forms and rules of a Court of Chancery can give more full and complete relief than can be attained at law.
' The Circuit Judge, entertaining this opinion, dismissed the cause because the plaintiff would not make a new party plaintiff. This was error.
The award was made in regard to matters of controversy between J. A. Jacocks and M. A. Hall, or W. K. Hall, her lawful representative, pursuant to a submission bond, entered into and signed by W. K. Hall, agent, for M. A. Hall and said Jacocks.
The award directs that M. A. Hall, or Wm. K. Hall, her lawful agent, shall have out of -the lumber now on hand, so soon as said dumber can be shipped, $1,827.86, or 182,786 feet of lumber before any division, said M. A. Hall paying the shipping expenses, the balance of the lumber to be equally divided between the parties, each paying the expense equally. And it is further awarded, that said Jacocks and M. A. Hall, or W. K. Hall, her agent, shall, as soon as the lumber can be shipped, execute mutual releases of all demands, etc., and M. A. Hall shall have the right to remove her mill buildings and appurtenances thereto off the land of Jacocks.
It will thus be seen, that if the plaintiff is entitled to have the specific relief awarded, the appro *87 priate forum for this purpose is a Court of Chancery.
We are therefore of opinion that the Circuit Judge should not have dismissed the suit, but that the cause was a proper one for the exercise of the discretion conferred upon him, either to retain the jurisdiction and hear and determine the cause upon the principles and according to the practice of a Court of Chancery, or, at his election, to transfer it to the Chancery Court at Dyersburg, to be there heard and determined as an equity cause.
We do not feel called upon to declare in advance whether the plaintiff is entitled to any relief, nor whether any or what other parties should be made. But we hold that the alleged bankruptcy of W. H. Hall can not in any way affect the cause. He has no beneficial interest in the subject matter of the suit. He is suing as the mere agent of his wife, and in that character could_ recover nothing that his assignee in bankruptcy could take under the assignment of his property.
We hold, therefore, that the judgment of the Circuit Court dismissing the suit was erroneous, and must be reversed, and the cause will be remanded to the Circuit Court, to be there heard and determined by the Circuit Court as an equity cause, or transferred to the Chancery Court at Dyersburg, at the discretion of the Circuit Judge.